**RAILROAD COMMISSION OF TEXAS
et al., Appellants,**

v.

**ST. LOUIS SOUTHWESTERN RAILWAY
COMPANY et al., Appellees.**

No. 11855.

Court of Civil Appeals of Texas,
Austin.

Nov. 17, 1971.

Rehearing Denied Dec. 15, 1971.

Crawford C. Martin, Atty. Gen., James H. Cowden, Asst. Atty. Gen., Austin, for appellants.

McKay & Avery, John J. McKay, Austin, Clyde W. Fiddes, Tyler, for appellees.

PHILLIPS, Chief Justice.

The question before us is whether there is substantial evidence to uphold the Railroad Commission's order refusing Appellees permission to discontinue two agencies. The trial court thought not and entered judgment reversing the Commission's order.

We affirm.

This is an appeal under Article 6453, Vernon's Annotated Civil Statutes. The trial court set aside an order of the Commission denying Appellees permission to discontinue its agency at Addison, Dallas County, and Grapevine, Tarrant County, Texas, retire these depots, and change the applicable tariffs to show Addison and Grapevine as non-agency stations.

There is no controversy on the facts before us. In seeking to overturn the order

in the trial court, the Appellees introduced extensive evidence to demonstrate that by discontinuing the two stations and by transferring the duties thereof to the nearby Carrollton Agency the public convenience and necessity would be better served. In this proposal there would be no change in the train service itself. In fact, it seems to be generally agreed by both parties to this lawsuit that the proposed change requested by the Appellees will insure a better and more efficient service for the shippers and the general public concerned.

The Commission's single point of error contends that the trial court erred in reversing the Commission's order inasmuch as the order was not unreasonable or unjust because Appellees were enjoying net earnings of $279,016.49 from the operation of these agencies. From this evidence alone Appellants conclude that, in spite of the fact that the Appellees' proposal might better serve the public, the court is precluded from overruling the Commission's order and that this evidence, standing alone, is substantial evidence in support of the order. We cannot agree with this contention.

The trial of this case lasted several days. Appellees presented their proposal step by step through officials of the Railroad competent to testify. This testimony discloses that the Dallas-Fort Worth area, of which Grapevine, Addison and Carrollton are a part, is one metropolitan complex. Addison is about three miles by paved highway east of Carrollton while Grapevine is some ten miles by paved highway to the west. It takes 5 to 10 minutes to drive from Addison to Carrollton and from 15 to 30 minutes to drive from Grapevine to Carrollton. In this single metropolitan area Appellants, with 554 main line miles of track in Texas, has had six agencies. In contrast, the Santa Fe, with 3538 main line miles of track in Texas, has only three agencies in the same area. Appellees have had more agencies in the area than any of the ten railroads operating therein. Under Appellees' proposed plan they would have agents at Fort Worth and Hodge Yard, which is near Fort Worth, and at Carrollton and at Dallas.

With reference to the shippers in the Grapevine and Addison areas, there is uncontested testimony that all of them were personally informed as to the proposal that they knew what the railroad proposed, and that it was generally satisfactory with them.

Appellees' testimony further disclosed that at Addison their facility is a very small prefabricated building with no communications other than Bell Telephone. The agent there is on duty from 8 to 5, five days a week. The agent at Grapevine works the same hours. Neither station is a train order station, that is, one that dispatches trains. The trains operate on train orders from Carrollton or Hodge Yard. Neither Addison nor Grapevine has radio communications with the trains and neither station is connected to Appellees' IBM micro wave computer system. Consequently, both stations must call on the Carrollton station for any such communications.

In contrast, Carrollton station is substantially a 7 day a week operation. It is staffed with an agent, a telegraph clerk and a general clerk. These people are on duty from 7 A.M. to about 6:30 P.M. weekdays, with the telegraph clerk on duty Saturdays and the agent on duty Sunday afternoons.

All telephone calls to Carrollton from Grapevine and Addison will be toll-free to patrons.

The station building at Carrollton is larger than average, is equipped with public and company telephones, and with direct radio communication to all trains and stations in the area. It also has direct communications with the train dispatcher's general office at Pine Bluff, Arkansas and with their train dispatchers in Oklahoma. In addition, Appellees' program includes installation of computer system connections at Carrollton. These systems afford in-

stant information on car locations, car services, waybills, etc.

Carrollton already handles such matters as car tracings and the trains operate under switching orders from Carrollton. Messages to train crews and car pickups are handled by Carrollton. On such matters, the agencies sought to be discontinued perform nothing other than "a go-between service."

It is undisputed in the record that by utilizing Carrollton as proposed, the Appellees can perform a more efficient operation from this centralized location; that it can better serve its patrons and that the company can avoid various duplications of effort and work. In addition, it was shown that by eliminating these stations Appellees can effect a saving of approximately $23,850.00 per year.

As was stated above, there would be no change in the train service itself with all present tracks and sidings remaining.

The evidence sketched above is by no means the entirety of the Appellees' case. We deem it sufficient here as the State presented little or nothing to controvert it.

The State presented two witnesses. One, a representative of a concern that received some twelve carloads of material a year. This witness stated that he was satisfied with things as they were; however, on having the Appellees' proposal put to him by way of a hypothetical question, he admitted that, should things work out as described, the change would be satisfactory with him. The other witness was a representative of an engineering firm who testified that the population in the Grapevine-Addison area would greatly increase in the years to come due to the Dallas-Fort Worth regional airport now building. In view of the fact that no evidence was presented to controvert the greater effec-

tiveness and efficiency of the proposed operation, it is difficult to see the relevancy of the evidence of greater future population in the area.

Evidence relative to profit and loss in agency closing cases is not conclusive in itself. It is merely evidence to be considered in relation to the *public convenience and necessity*. Application of Chicago, B. & Q. R. Co., 1965, 179 Neb. 470, 138 N.W. 2d 816; Application of Thomason, 1942, 142 Neb. 477, 6 N.W.2d 607; Illinois Cent. R. Co. v. Illinois Commerce Commission, 1948, 399 Ill. 67, 77 N.E.2d 180; 74 C.J.S. Railroads § 402, p. 964.

 The primary concern of the Commission is the effect of closing on the public convenience and necessity. It is not profitability of the stations sought to be closed. The overwhelming evidence in the record discloses that the proposed changes will inure to the benefit of the public concerned. There is little or any to the contrary. Consequently there is no substantial evidence to uphold the Commission's order, so it must fall.

 Appellees have a motion before us to strike from Appellants' brief an order of the Railroad Commission dated July 29, 1964. This is an order concerning the Commission's policy regarding evidence it will require and consider in Railway Station Agency Discontinuance cases. The order states that revenues and expenses will be considered. Appellees maintain that the order was not proved up in the trial court pursuant to Article 3731a, V.A. C.S., consequently, that this Court should not consider it.

Inasmuch as we consider this order immaterial to our disposition of the case we dismiss the motion.

The judgment of the trial court is affirmed.